IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

DAVIA DORSEY and her husband,
STEVEN HAZZARD, Individually
and as Parents and Next Friend of
A.H., a minor child

    Plaintiffs,

v.

SALIYEV OLIM and
SULTAN TRANS, INC.

    Defendants.

DOCKET NO.: _____

**JURY DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, Davia Dorsey and Steven Hazzard, by and through the undersigned counsel, and for cause of action against Saliyev Olim and Sultan Trans, Inc. would respectfully state as follows:

### PARTIES TO THIS ACTION

1. Plaintiff, Davia Dorsey and Steven Hazzard are husband and wife and adult residents of Atlanta, Fulton County, Georgia. Plaintiffs are also the parents of A.H., their minor child. Plaintiffs brings this action for their own personal injuries, loss of consortium, damages and the injuries and damages to their minor child.

2. Upon information and belief, Defendant, Saliyev Olim (hereinafter Defendant Olim) is an adult citizen of Philadelphia County, Pennsylvania residing therein at 13451 Philadelphia Avenue, Apartment B29, Philadelphia, PA 19116 and at all times material hereto

was employed by, and driving a vehicle owned by and in furtherance of the business of Defendant Sultan Trans, Inc. Accordingly, Defendant Sultan Trans, Inc. is liable for the action of Defendant Olim under the doctrine of vicarious liability, employer-employee relations, respondeat superior and agency.

3. Upon information and belief, Defendant Sultan Trans, Inc. (hereinafter Sultan Trans) is corporation licensed to do business in Indiana with its principal place of business located at 1251 North Eddy Street, Suite 200, South Bend, Indiana 46617. Defendant Sultan Trans may be served with process of this Court upon its registered agent, Farruh Amonov, 1251 North Eddy Street, Suite 200, South Bend, IN 46617.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to Plaintiff exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between the Plaintiffs and Defendants.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiffs' causes of action based in tort occurred in this district.

6. This Complaint was filed within the applicable statute of limitations pursuant to T.C.A. § 28-3-104 as the personal injuries giving rise to Plaintiffs' claims occurred within one year of the filing of this Complaint.

## STATEMENT OF FACTS

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

7. That on or about April 11, 2020, Plaintiff Davia Dorsey was operating a 2014 Ford

Edge traveling southbound on Interstate 75 in the right lane of traffic near mile marker 35 in McMinn County, Tennessee.

8. That on or about the same time, Defendant Saliyev Olim was operating a tractor trailer, also traveling eastbound on I-75 in the left lane of traffic near mile marker 35 in McMinn County, Tennessee.

9. That the Defendant suddenly, and without warning, attempted to improperly change lanes into Ms. Davia Dorsey's lane, sideswiping the driver's side of her vehicle causing her vehicle to be caught and drug by the tractor trailer several feet before it was released and slammed into a guard rail on the passenger's side of her vehicle.

10. As a direct and proximate result of this collision that occurred due to the acts or omissions of Defendants, both jointly and severally, Plaintiff Davia Dorsey sustained injuries.

11. Plaintiff alleges that at all times relevant hereto, Plaintiff Davia Dorsey was driving in a prudent and cautious manner and was no way comparatively or contributorily negligent or at fault for the collision.

## **LIABILITY**

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

12. At or around the time of the subject collision, Defendant Olim owed a duty of care to others, including to the Plaintiff, to operate her vehicle in a safe and cautious manner and prevent injury to others.

13. Plaintiff alleges that Defendant Olim is guilty of the following acts of common law negligence, which were the direct and proximate cause of accident described herein:

    a. Failure to maintain a proper lookout;
    b. Failure to maintain the vehicle under due and reasonable control;

  c. Failure to exercise care for the safety of other persons operating vehicles on the road;
  d. Operating his vehicle at a speed that was too fast for the then existing conditions on the road;
  e. Failure to use that degree of care necessary under the circumstances then and there existing;
  f. Failure to devote his full time and attention to the operation of his vehicle;

14. Defendant Olim was guilty of violating the following statutes of the State of Tennessee which were in full force and effect at the time of the collision; each such violation constitutes negligence *per se* and was a direct and proximate cause of the subject collision and Plaintiffs' damages:

  a. T.C.A. § 55-8-103 Required obedience to traffic laws;
  b. T.C.A. § 55-8-123 Driving on roadways laned for traffic;
  c. T.C.A. § 55-8-136 Drivers to exercise due care;
  d. T.C.A. § 55-8-197 Failure to yield right-of-way; and
  e. T.C.A. § 55-10-205 Reckless Driving.

## **DAMAGES**

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

15. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs Davia Dorsey and her minor child, A.H. sustained serious physical and emotional injuries. The Plaintiff seeks all damages to which she may be entitled under the law for her and A.H.'s injuries from the Defendants, both jointly and severally, which include, but are not limited to:

  a. Physical pain and suffering of a past, present and future nature;
  b. Emotional pain and suffering of a past, present and future nature;
  c. Fright, shock, anxiety, anguish and fear for her and her daughter's life;
  d. Medical bills and expenses of a past, present and future nature;
  e. Lost wages and loss of earning capacity;
  f. Loss of enjoyment of life;
  g. Pre- and post-judgment interest;
  h. Statutory and discretionary costs; and

i.  All such further relief, both general and specific, to which the Plaintiff may be entitled under the premises.

16. Pursuant to T.C.A § 24-5-113(a), medical bills and expenses of Plaintiff Davia Dorsey directly and proximately caused by the acts and omissions of the Defendants are attached hereto as **EXHIBIT A** and itemized as follows and are presumed necessary and reasonable:

|   |   |   |
|---|---|---|
| a. | AMR of Tennessee | $1,197.92 |
| b. | APP of Tennessee ED PLLC | $1,744.00 |
| c. | Vista Radiology | $1,301.00 |
|   | TOTAL: | $4,242.92 |

17. Pursuant to T.C.A § 24-5-113(b), medical bills and expenses of Plaintiff Davia Dorsey directly and proximately caused by the acts and omissions of the Defendants are attached hereto as **EXHIBIT B** and itemized as follows and are presumed necessary and reasonable:

|   |   |   |
|---|---|---|
| a. | Tennova Cleveland | $35,837.92 |
| b. | Dominion Orthopaedic Clinic | $17,235.00 |
| c. | Allegiance Imaging & Radiology – 4/27/21 | $2,350.00 |
| d. | Benchmark Physical Therapy | $4,275.00 |
| e. | Allegiance Imaging & Radiology – 7/6/21 | $2,350.00 |
| f. | Access Surgical – 8/10/21 | $5,042.20 |
| g. | Access Surgical – 11/16/21 | $5,042.20 |
|   | TOTAL: | $72,132.32 |

18. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff Steven Hazzard has also been injured. The injuries and damages for which Steven Hazzard seeks compensation from the Defendants, both jointly and severally, include, but are not limited to:

a. loss of love, society, affection and consortium of his wife;
b. loss of services of his wife;
c. loss of enjoyment of life;
d. pre- and post-judgment interest;
e. statutory and discretionary costs;
f. incidental and consequential damages stemming from attending to the injuries of his wife including but not limited to loss of earnings and earning capacity; and
g. all such further relief, both general and specific, to which the Plaintiff may be entitled under the premises.

## **RELIEF SOUGHT**

Plaintiffs incorporate by reference as if fully set forth verbatim each and every allegation in the Complaint.

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff Davia Dorsey sues Defendants for her personal injuries and prays for a judgment against the Defendants, jointly and severally, for compensatory damages in an amount considered fair and reasonable by a jury. While the Plaintiff objects to placing a specific dollar value on her total injuries and damages, to the extent a specific dollar value is requires to be placed in the Complaint, the amount should not exceed One Million Five Hundred Thousand ($1,500,000.00) Dollars. Finally, the Plaintiff requests all such further relief, both general and specific, to which she may be entitled under the premises.

20. WHERFORE, PREMISES CONSIDERED, Plaintiff Steven Hazzard sues the Defendants, jointly and severally, for his damages and prays for a judgment against the Defendants for compensatory damages in an amount considered fair and reasonable by a jury. While the Plaintiff objects to placing a specific dollar amount on his injures and damages, to the extent a specific dollar value is required to be placed in the Complaint, the amount should not exceed Seven Hundred Fifty Thousand ($750,000.00) Dollars. Finally, Plaintiff requests all such further relief, both general and specific, to which he may be entitled under the premises.

21. WHERFORE, PREMISES CONSIDERED, Plaintiffs, as Parents and Next Friends of A.H. sue the Defendants, jointly and severally, for her damages and prays for a judgment against the Defendants for compensatory damages in an amount considered fair and reasonable by a jury. While the Plaintiff objects to placing a specific dollar amount on her injures and damages, to the extent a specific dollar value is required to be placed in the Complaint, the amount should not exceed Seventy-Five Thousand ($75,000.00) Dollars. Finally, Plaintiffs' request all such further relief, both general and specific, to which they may be entitled under the premises.

22. A JURY IS RESPECTFULLY DEMANDED.

Respectfully submitted,

/s/Andrew C. Clarke
Andrew C. Clarke
One Commerce Square, Suite 1700
Memphis, TN 38103
(901) 523-1222
aclarke@cochranfirmmidsouth.com